UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPRUCE NW 10, LLC, a Washington State limited liability corporation, | ) ) CASE NO. C17-1008RSM ) |
| Plaintiff, | ) ) ) ORDER TO REMAND |
| v. | ) ) |
| LARRY C. DAWSON, PAMELA L. DAWSON, and ALL OTHER OCCUPANTS, | ) ) ) ) |
| Defendants. | ) ) |

THIS MATTER comes before the Court *sua* sponte. Plaintiff Spruce NW 10, LLC (hereinafter "Spruce") initially filed an unlawful detainer action in Snohomish County Superior Court on or about June 22, 2017. Dkts. #1 and #1-1. Defendant Pamela Dawson apparently filed an Answer asserting that the notice of eviction is invalid under the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, *et seq.* Dkts. #1 and #1-2. Defendant Pamela Dawson then removed the action to this Court asserting federal question jurisdiction, and moved to proceed *in forma pauperis* ("IFP"). Dkts. #1 and #2. The Court has granted Defendant Dawson's request to proceed IFP, but reviews this matter for proper jurisdiction. *See* Dkt. #5.

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087

ORDER
PAGE - 1

(9th Cir. 2009). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . "). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.*, 316 F. 3d 822, 826 (9th Cir. 2002); Fed. R. Civ. P. 12(h)(3).

A defendant may remove an action on the basis of federal question jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Ms. Dawson has not established that the Court has federal question jurisdiction in this case. Plaintiff filed an unlawful detainer action based solely on state law. Dkt. #1-1. Plaintiff's Complaint does not present a federal question. *Id.* To the extent that Ms. Dawson asserts a federal defense to Plaintiff's claims, a federal defense does not confer federal question

ORDER
PAGE - 2

jurisdiction on the Court. *See Rivet*, 522 U.S. at 475. Moreover, Courts in this Circuit have repeatedly held that the PTFA does not provide a claim for relief, and does not confer federal subject matter jurisdiction. *See, e.g., Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 U.S. Dist. LEXIS 60671, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (finding that the PFTA did not provide a federal claims for relief or confer federal subject matter jurisdiction); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (same); *SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 U.S. Dist. LEXIS 123124, 2010 WL 4809661, at *2-3 (S.D. Cal. Nov. 19, 2010) (same); *United States v. Lopez*, No. 2:10-cv-02438 WBS KJN PS, 2010 U.S. Dist. LEXIS 133150, 2010 WL 523301, at *3 (E.D. Cal. Dec. 16, 2010) (same)*; Zalemba v. HSBC Bank, USA, N.A.*, No. 10-cv-1646 BEN (BLM), 2010 U.S. Dist. LEXIS 104724, 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010) (same); *Nativi v. Deutsche Bank Nat'l Trust Co.*, No. 09-06096 PVT, 2010 U.S. Dist. LEXIS 51697, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (same); *Aurora Loan Servs., LLC v. Martinez*, No. C10-01260 HRL, 2010 U.S. Dist. LEXIS 29761, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (same).

Accordingly, having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that this case is REMANDED to the Snohomish County Superior Court. This matter is now CLOSED.

DATED this 12 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3